NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-1142

JENS ERIK SORENSEN,
as Trustee of Sorensen Research and Development Trust,

Plaintiff-Appellant,

v.

DORMAN PRODUCTS, INC.,

Defendant-Appellee,

and

DOES 1 - 100,

Defendants.

ON MOTION

Appeal from the United States District Court for the Southern District of California in case no. 09-CV-1579, Judge Barry Ted Moskowitz.

Before GAJARSA, PROST, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

## O R D E R

Dorman Products, Inc. moves to dismiss Jen Erik Sorensen's appeal for lack of jurisdiction. Sorensen opposes.

Sorensen sued Dorman in the United States District Court for the Southern District of California, alleging patent infringement. There are several other cases involving the patent before the district court, and the district court stayed its own proceedings in several of the cases pending the outcome of reexamination proceedings before the Patent and Trademark Office (PTO). In this case, on November 24, 2009,

the district court granted Dorman's motion to stay proceedings pending the outcome of reexamination proceedings before the PTO. Sorensen filed a notice of appeal seeking review of the district court's stay order. Dorman now moves to dismiss the appeal on the ground that the stay order is not an immediately appealable order.

As a general rule, an order staying a case pending reexamination is not subject to immediate appeal. Slip Track Sys., Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1340 (Fed. Cir. 1998); Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983). One narrow exception allows immediate appeal if the stay order effectively puts the appellant out of court because no further action in the matter is contemplated following the stay. Slip Track, 159 F.3d at 1340. For example, in Slip Track we allowed an immediate appeal when after the PTO reexamination proceedings concluded it was possible that the appellants would be unable to raise the issue of priority of invention in the district court. Id.

In this case, the appellant has not shown that any patent issue will evade review due to the stay of proceedings pending reexamination. We further note that the appellant states that the district court has lifted stays of proceedings due to the pending reexamination proceedings in several other cases involving the patent-in-suit and that the district court specifically provided in this case that any party could move to vacate the stay "if it appears that the reexamination will not be completed within a reasonable time."

Accordingly,

IT IS ORDERED THAT:

(1)    The motion to dismiss is granted. The appeal is dismissed.

(2)    Each side shall bear its own costs.

FOR THE COURT

MAR 15 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Melody A. Kramer, Esq.
    Anthony S. Volpe, Esq.

s19

ISSUED AS A MANDATE: ___MAR 15 2010___

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 15 2010

JAN HORBALY
CLERK

2010-1142                              - 3 -